IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN W. GERMAINE )
)
v. ) NO. 3:18-0031
)
UNITED STATES OF AMERICA, et al. )

**TO: Honorable Waverly D. Crenshaw, Jr. Chief District Judge**

### R E P O R T  A N D  R E C O M E N D A T I O N

By Order entered February 23, 2018 (Docket Entry No. 7), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

In this case, Plaintiff has failed to comply with the specific directive of the Court that he file an amended complaint. For the reasons set out below, the undersigned respectfully recommends that this action be dismissed.

### I. BACKGROUND

John W. Germaine ("Plaintiff") is a resident of Gallatin, Tennessee. On January 9, 2018, he filed this *pro se* lawsuit against the United States of America ("United States") based upon a dispute with the Internal Revenue Service ("IRS") over a tax liability and his contention that a tax levy had been improperly assessed against his social security benefits. Specifically, he asserted that he is "filing this TBD lawsuit pursuant to 26 U.S.C. § 7433 and 26 C.F.R. § 301.6343-2 due to unauthorized Internal Revenue Service (IRS) levy on my Social Security benefits (hereinafter "benefits") as well as the Seizure of any of the Complainants property." *See* Complaint (Docket Entry No. 1) at 2.

Plaintiff thereafter filed an amended complaint on September 5, 2018, adding Huber+Suhner, Inc. ("Huber+Suhner") and Raymond James Financial, Inc. ("Raymond James") as defendants. *See* Amended Complaint (Docket Entry No. 20). Huber+Suhner and Raymond James are financial institutions that were custodians of some or all of Plaintiff and his wife's retirement and pension accounts, and Plaintiff alleged that they transferred the accounts to other branches and locations and to other brokerage firms without his or his wife's authorization and consent and eventually distributed the funds to someone other than Plaintiff and his wife, actions which he contended breached their fiduciary duties and inflicted emotional distress upon him. *Id*. at 9-11 and 22-25. Plaintiff further contended that the unauthorized distributions contributed in some manner to the tax liability that the IRS claims is owed. *Id*. at 4. Finally, Plaintiff includes in the amended complaint allegations concerning litigation between himself and Huber+Suhner and Raymond James that occurred in Wisconsin, where he previously resided.[1]

Each of the defendants responded to the lawsuit by filing motions to dismiss. In their motions, Defendants Huber+Suhner and Raymond James raised arguments for dismissal based upon the *Rooker-Feldman* doctrine, *res judicata*, lack of personal jurisdiction, the statute of limitations, and the doctrine of laches. *See* Docket Entry Nos. 24 and 32. By Order entered July 1, 2019 (Docket Entry No. 52), their motions to dismiss were granted and they were dismissed from the lawsuit. By Order entered September 6, 2019 (Docket Entry No. 64), the Court designated the order dismissing them as a final order under Rule 54(b).

In its motion, Defendant United States raised the defense of lack of subject matter jurisdiction based on sovereign immunity and the Anti-Injunction Act, as well as an argument that Plaintiff fails to state a claim upon which relief can be granted. *See* Docket Entry No. 36. Although Plaintiff did not respond to the motion, he filed copies of several documents with the Court that appeared to indicate that the tax levy had been withdrawn and may no longer be in effect. *See* Docket Entry

---

[1] A more extensive summary of Plaintiff's current lawsuit and the Wisconsin litigation is found in the Report and Recommendation entered May 30, 2019 (Docket Entry No. 50), and need not be recounted herein.

No. 48. Because the inclusion into the record of these new facts had the potential to materially change the allegations and claims raised by Plaintiff and to render the defenses raised by Defendant United States irrelevant or inapplicable, the Court, in an effort to efficiently use judicial resources, denied the motion to dismiss without prejudice to being re-filed and directed Plaintiff to file, by June 21, 2019, a supplemental complaint that: (1) clearly and specifically sets out the recent events concerning the dispute over his tax liability; and, (2) clearly and specifically sets out the legal causes of action and remedies that he is now pursuing in light of the apparent withdrawal of the tax levy on his social security benefits. *See* Order entered May 30, 2019 (Docket Entry No. 49).

Plaintiff thereafter filed motions asking that the deadline be extended because of his wife's and his own health issues and the need for more time. The Court extended the deadline for him to file the supplemental complaint to August 9, 2019, and then to September 6, 2019. In the order extending the deadline to September 6, 2019, the Court advised Plaintiff that no additional extensions of the deadline would be granted and that, if Plaintiff intends to continue his lawsuit against Defendant United States, he needed to file a supplemental complaint as directed by the Court. *See* Order entered August 20, 2019 (Docket Entry No. 59). Plaintiff was specifically warned that his lawsuit would be recommended for dismissal if a supplemental complaint was not filed by September 6, 2019. *Id*.

Plaintiff did not file a supplemental complaint either by the September 6, 2019, deadline or afterwards. Instead, on September 11, 2019, Plaintiff made an 11 page filing styled as a "Response to Order Document No. 49 and Document No. 50 Filed 05/30/2019 and to Order No. 59 Filed 08/20/2019." *See* Response (Docket Entry No. 66). Although the filing included a lengthy discussion of the case and stated that the supplemental complaint would be completed and filed, the Response was not a supplemental complaint. Approximately a month later, on October 4, 2019, Plaintiff made an eight page filing styled as a "Response United States Tax Court Docket No. 7458-19 L joined to ORDER Document No. 64 in Tennessee Case No. 3:18-00031 Crenshaw/Holmes and Appeal to Court of Appeals." *See* Response (Docket Entry No. 67). The filing was, again, not the

3

supplemental complaint that Plaintiff had been directed to file. Instead, Plaintiff again discussed the case and made the following requests:

1. "The Plaintiffs in this response today will be unavailable and out of the Country from September 27th to October 29, 2019. The Courts are asked to suspend all issues until the End of the 2019 year;"

2. "Please amend any request as 'the decision of the Tax Case *is not* final' and mark the IRS box on the submission form appropriately. This too is confusing to the layman on the IRS Tax Form!" (emphasis in original);

3. "The IRS to Setup a meeting to discuss a fair settlement before any further legal action against any of the Parties is conducted;"

4. "The District Court [properly] join the parties and stay the case as a result of both medical issues and to determine the penalty for fraud on the court by the Defendants lawyers;" and,

5. "Appellate court accept the case as timely appealed and stay until the Plaintiffs return from overseas on October 228 (sic), 2019, in the interest of Justice."

*See* Docket Entry No. 67 at 3, 6, and 7.

By Order entered October 8, 2019 (Docket Entry No. 68), the Court acknowledged the two Responses filed by Plaintiff and stayed the proceeding in the case until November 1, 2019. The Court denied the filings to the extent that Plaintiff sought any other type of relief or rulings in the case and to the extent that he requested that he be granted relief of any type of a stay in proceedings that were occurring in the U.S. Tax Court or in any other court. *Id*. The Court noted that, upon the lifting of the stay on November 1, 2019, the Court would address any outstanding issues in the case. *Id.*

## II. PLAINTIFF'S FAILURE TO FILE A SUPPLEMENTAL COMPLAINT

The Court acknowledges Plaintiff's *pro se* status and that attempting to litigate a tax liability case against the United States without the assistance of counsel may be a daunting task. The Court

also acknowledges that Plaintiff is 72 years old[2] and that he asserts in numerous filings that both he and his wife suffer from medical afflictions that are painful, disabling, and hinder his ability to litigate his case. The Court has no reasons to doubt any of these assertions by Plaintiff. It is also apparent to the Court that Plaintiff believes he has suffered because of the wrongdoings that he alleges have occurred.

Nonetheless, it is also apparent that (1) Plaintiff has not accepted that Huber+Suhner and Raymond James are no longer defendants in this case, his claims against them having been dismissed by the Court, and (2) Plaintiff has not accepted that the proceeding in the Wisconsin case and/or the Tax Court case will not be joined or merged into this lawsuit. Further, it is apparent that, despite the time and attention that Plaintiff has devoted to this case, he is unable to follow the specific directive of the Court to file a supplemental complaint about the only defendant that remains in this case. The May 30, 2019 Order clearly explained what was required of Plaintiff in terms of the need for a supplemental complaint in light of the new facts that had been brought forward regarding the tax levy. Although Plaintiff was given over three months, from May 30, 2019, to September 6, 2019, to comply, he failed to file the supplemental complaint as directed by the Court. Furthermore, in the month subsequent to the expiration of the September 6, 2019, deadline, Plaintiff made two lengthy filings about the case, *see* Responses (Docket Entry No. 66 and 67), yet failed to file a supplemental complaint.

"The lenient treatment generally accorded to *pro se* litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and "pro se parties must follow the same rules of procedure that govern other litigants." *Aug. v. Caruso*, 2015 WL 1299888 at *6 (E.D.Mich. Mar. 23, 2015). *See also Looper v. Educ. Credit Mgmt. Corp.*, 2008 WL 2965887 at *8 (E.D.Tenn. July 30, 2008) (plaintiff's "*pro se* status does not exempt him from complying with the rules of procedure."); *Greer v. Home Realty Co. of Memphis Inc.*, 2010 WL 6512339 at *2 (W.D.Tenn. July 12, 2010) ("Although district courts may liberally construe the federal and local rules for *pro se* litigants, even

---

[2] *See* Docket Entry No. 66 at 9.

*pro se* litigants are obligated to follow these rules"). Certainly, being a *pro se* litigant does not permit a party to simply ignore a Court's clearly communicated deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *1 (M.D. Tenn. Sept. 28, 2016) (Sharpe, J.); *Mayers v. Ellis*, 2016 WL 891181 at *5 (M.D. Tenn. Mar. 8, 2016) (Trauger, J.); *Smith v. Woods*, 2015 WL 8055912 at *1 (M.D.Tenn. Dec. 4, 2015) (Haynes, J.).

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... (C) fails to obey a scheduling or other pretrial order ." Sanctions that are set forth in Rule 37(b)(2) include the sanction of "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v).[3] The imposition of sanctions and the type of sanctions imposed are matters within the sound discretion of the Court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). Four factors are to be considered in determining whether dismissal is an appropriate sanction for failure to comply with a court order: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and, (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019); *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Reyes*, 307 F.3d at 458.

---

[3] When sanctions under Rule 37(b) apply, there is no need for the Court to rely on its inherent powers to supervise its own docket or on Rule 41(b)'s authorization to dismiss for failure to prosecute or to comply with these rules or a court order. *Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019)

6

Given the facts of this case, the sanction of dismissal is warranted. Plaintiff's own filings in May 2019 indicated that a changed circumstance had occurred that needed illumination through a supplemental complaint, and Plaintiff was given a certain measure of leniency when the Court terminated Defendant United States' motion to dismiss despite Plaintiff's failure to make a response to the motion and when the Court permitted Plaintiff an opportunity to revise his claims and allegations in light of the new circumstances. However, despite two extensions of time, Plaintiff simply appears unable, or unwilling, to file what is required for this case to proceed forward. There is no apparent explanation for this other than fault on the part of Plaintiff. Further, given Plaintiff's *pro se* status, the Court specifically warned Plaintiff regarding the consequence of his failure to comply with the Court's order. Plaintiff's several month failure to comply with the Court's directive that he file a supplemental complaint has caused this case to essentially come to a standstill, prejudicing Defendant's ability to resolve the case. Finally, because this matter involves the threshold issue of Plaintiff presenting a current and accurate pleading to the Court, there appears to be no other sanction that would be effective. A court simply should not have to repeatedly admonish and plead with a party to obey the court's own orders.

## R E C O M M E N D A T I O N

For the reasons set out above, the undersigned respectfully RECOMMENDS that this lawsuit be DISMISSED WITH PREJUDICE under Rule 16(b) of the Federal Rules of Civil Procedure because of Plaintiff's failure to comply with a specific order from the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v.*

*Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge