IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN W. GERMAINE           )
                           )
     v.                    )     NO. 3:18-0031
                           )
UNITED STATES OF AMERICA, et al.  )

**TO: Honorable Waverly D. Crenshaw, Jr. Chief District Judge**

### S U P P L E M E N T A L  R E P O R T  A N D  R E C O M E N D A T I O N

By a Report and Recommendation entered December 2, 2019 (Docket Entry No. 69), the undersigned Magistrate Judge recommended that this *pro se* lawsuit be dismissed with prejudice under Rule 16(b) of the Federal Rules of Civil Procedure because Plaintiff had not complied with the Court's multiple orders to him to file a supplemental complaint. *See* Docket Entry Nos 49 and 59. The Court deemed the supplemental complaint necessary to clarify Plaintiff's allegations and claims against the United States of America/Internal Revenue Service in light of new events that appeared to have occurred since the original complaint was filed and in recognition of the fact that two other defendants in the action had been recommended for dismissal. *See* Docket Entry No. 49.

Subsequent to the December 2, 2019, Report and Recommendation, Plaintiff filed what is styled as a "Final Amended Complaint." *See* Docket Entry No. 70.[1] The matter has been referred back to the Magistrate Judge to advise whether the Final Amended Complaint complies with the Court's Order to Plaintiff to file a supplemental complaint. *See* Order entered October 14, 2020 (Docket Entry No. 79). Because Plaintiff's Final Amended Complaint (the "FAC") does not comply with the Court's directive, the previous recommendation for dismissal of this lawsuit under Rule 16(f) remains supported by the facts of this case and is warranted.

---

[1] Although Plaintiff did not file an objection to the Report and Recommendation, he acknowledges in his Final Amended Complaint that he received the Report and Recommendation. *See* Docket Entry No. 70 at 2.

The FAC falls far short of compliance with the Court's directive. First, the FAC does not actually resemble a pleading or complaint, and is more akin to a brief or argument by Plaintiff about his case, including large parts devoted to continued arguments about claims against Huber+Suhner, Inc., and Raymond James Financial Services Corporation. However, as the Court has repeatedly explained to Plaintiff, Huber+Suhner and Raymond James are no longer defendants in this case and the claims against them are no longer active or viable claims in this case.[2]

Second, and most compellingly, the FAC fails to actually address the specific matters that Plaintiff was directed to address. The Order directing Plaintiff to file a supplemental complaint specifically required that he file "a supplemental complaint that: (1) clearly and specifically sets out the recent events concerning the dispute over his tax liability; and, (2) clearly and specifically sets out the legal causes of action and remedies that he is now pursuing in light of the apparent withdrawal of the tax levy on his social security benefits." *See* Docket Entry No. 49 at 2. While many topics are discussed in the FAC,[3] there is nothing "clearly and specifically" set out in the FAC as far as the matters that Plaintiff was directed to address. Further, although Plaintiff refers in the FAC back to language in a prior pleading about his claims against the United States of America/Internal Revenue Service, *see* FAC at 3,[4] the FAC does not in any way clarify Plaintiff's claims against the United States of America/Internal Revenue Service. Indeed, it does not appear that the FAC was even filed in an attempt to comply with the Court's directives as set out in the

---

[2] These two Defendants were dismissed by Order entered July 1, 2019 (Docket Entry No. 52), and the judgment in their favor was made a final judgment by Order entered September 6, 2019 (Docket Entry No. 64).

[3] While there is no need, for the purpose of this Supplemental Report and Recommendation, for the Court to specifically recite all matters raised by Plaintiff in the FAC, Plaintiff's assertion that he has "been left out of correspondence and even meetings between the Court and the law firms," *see* Docket Entry No. 70 at 4, is unfounded and factually false. Plaintiff has not been excluded from "correspondence" or from any filing entered by the Court, and the Court has had no meetings with "the law firms" or with anyone else regarding this case.

[4] Although Plaintiff refers to "the Complaint in Tennessee Case No. 3:18-cv-00031 (Amended) and Posted 03/19/2018), *see* FAC at 3, there has not been a pleading filed in this case on March 19, 2018. As best the Court can discern, it appears that Plaintiff may have intended to refer to one of his pleadings that was filed on September 5, 2018 (Docket Entry No. 20).

Court's May 30, 2019, Order (Docket Entry No. 49), because at no point in the FAC does Plaintiff even refer to that Order or the Court's specific directives.

The Court again acknowledges Plaintiff's *pro se* status and the daunting task he faces in attempting to litigate a tax liability case against the United States without the assistance of counsel. Because of those circumstances, the Court has given Plaintiff numerous opportunities to remedy the deficiencies in his pleadings, including specific directives of what is required to proceed in this case. Despite these indulgences, Plaintiff appears to be unwilling or unable to comply with the basic form and substance of pleadings required in federal litigation. As previously noted, "[t]he lenient treatment generally accorded to *pro se* litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and "pro se parties must follow the same rules of procedure that govern other litigants." *Aug. v. Caruso*, 2015 WL 1299888 at *6 (E.D.Mich. Mar. 23, 2015). *See also Looper v. Educ. Credit Mgmt. Corp.*, 2008 WL 2965887 at *8 (E.D.Tenn. July 30, 2008) (plaintiff's "*pro se* status does not exempt him from complying with the rules of procedure."); *Greer v. Home Realty Co. of Memphis Inc.*, 2010 WL 6512339 at *2 (W.D.Tenn. July 12, 2010) ("Although district courts may liberally construe the federal and local rules for *pro se* litigants, even *pro se* litigants are obligated to follow these rules"). Certainly, being a *pro se* litigant does not permit a party to simply ignore a court's clearly communicated directives. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *1 (M.D. Tenn. Sept. 28, 2016) (Sharpe, J.); *Mayers v. Ellis*, 2016 WL 891181 at *5 (M.D. Tenn. Mar. 8, 2016) (Trauger, J.); *Smith v. Woods*, 2015 WL 8055912 at *1 (M.D.Tenn. Dec. 4, 2015) (Haynes, J.).

The Court again also notes that it is apparent that Plaintiff believes he has suffered because of alleged wrongdoings by others. Plaintiff has, however, been given ample opportunity to clearly and specifically present his allegations and claims and expressly warned of the consequence of failing to do so. The Court reiterates that it "simply should not have to repeatedly admonish and plead with a party" (Docket Entry No. 69 at 7) to follow the rules that govern all litigants and to obey the Court's own orders. Given Plaintiff's non-compliance with the Court's specific Order about

3

the filing and content of a supplemental complaint, the previous recommendation for dismissal of this lawsuit under Rule 16(f) remains supported by the facts of this case and is warranted.

ANY OBJECTIONS to this Supplemental Report and Recommendation must be filed within fourteen (14) days of service of this Supplemental Report and Recommendation and must state with particularity the specific portions of this Supplemental Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Supplemental Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                                         Respectfully submitted,

                                         BARBARA D. HOLMES
                                         United States Magistrate Judge