## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **JOHN W. GERMAINE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **No. 3:18-cv-00031** |
| | ) |
| **UNITED STATES OF AMERICA, et al.,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

The Magistrate Judge has issued a Report and Recommendation ("R&R") (Doc. No. 69) and Supplemental Report and Recommendation ("Supplemental R&R") (Doc. No. 80) recommending that the Court dismiss this lawsuit with prejudice under Federal Rule of Civil Procedure 16(f). Although the Court will not repeat the entire factual background and procedural history of this case, some limited background is necessary to place these two R&Rs in context.

Plaintiff, proceeding pro se, filed this lawsuit against the United States of America, alleging, among other things, that the Internal Revenue Service placed an unauthorized tax levy on his social security benefits. More than a year after initiating this action, Plaintiff filed several documents (unaccompanied by a motion or explanation) indicating that the tax levy had been withdrawn and may no longer be in effect. (See Doc. No. 48.) As a result of this new evidence, the Magistrate Judge ordered Plaintiff to file, by June 21, 2019, "a supplemental complaint that: (1) clearly and specifically sets out the recent events concerning the dispute over his tax liability; and, (2) clearly and specifically sets out the legal causes of action and remedies that he is now pursuing in light of the apparent withdrawal of the tax levy on his social security benefits." (Doc. No. 49 at 2.) The Magistrate Judge granted several extensions of this deadline (see Doc. Nos. 53, 59) before

warning Plaintiff that "[i]f a supplemental complaint is not filed by the [new] September 6, 2019 .

. . deadline, [she] will recommend dismissal of this lawsuit." (Doc. No. 59 at 1.) Plaintiff did not

comply with that Order and did not timely file a supplemental complaint.

On December 2, 2019, the Magistrate Judge issued a R&R (Doc. No. 69) recommending

that the Court dismiss this lawsuit with prejudice under Federal Rule of Civil Procedure 16 because

Plaintiff failed to comply with several court orders. Federal Rule of Civil Procedure 16(f) provides

that "[o]n motion or on its own, the court may issue any just orders, including those authorized by

Rule 37(b)(2)(A)(ii)–(vii), if a party . . . fails to obey a scheduling or other pretrial order," and

Rule 37(b)(2)(A)(v) authorizes the Court to sanction a plaintiff who does not comply with an order

by "dismissing the action or proceeding in whole or in part." In determining whether dismissal

under Rules 16(f) and 37(b) is an appropriate sanction, the Court considers the following four

factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the

adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was

warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions

were imposed or considered before dismissal was ordered." United States v. Reyes, 307 F.3d 451,

458 (6th Cir. 2002) (quoting Knoll v. Am. Tel. & Telegraph Co., 176 F.3d 359, 363 (6th Cir.

1999)). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay

or contumacious conduct." Id. The Magistrate Judge analyzed these four factors and provided the

following reasoning for her recommended disposition:

> Plaintiff's own filings in May 2019 indicated that a changed circumstance had
> occurred that needed illumination through a supplemental complaint, and Plaintiff
> was given a certain measure of leniency when the Court terminated Defendant
> United States' motion to dismiss despite Plaintiff's failure to make a response to
> the motion and when the Court permitted Plaintiff an opportunity to revise his
> claims and allegations in light of the new circumstances. However, despite two
> extensions of time, Plaintiff simply appears unable, or unwilling, to file what is
> required for this case to proceed forward. There is no apparent explanation for this

2

other than fault on the part of Plaintiff. Further, given Plaintiff's pro se status, the Court specifically warned Plaintiff regarding the consequence of his failure to comply with the Court's order. Plaintiff's several month failure to comply with the Court's directive that he file a supplemental complaint has caused this case to essentially come to a standstill, prejudicing Defendant's ability to resolve the case. Finally, because this matter involves the threshold issue of Plaintiff presenting a current and accurate pleading to the Court, there appears to be no other sanction that would be effective. A court simply should not have to repeatedly admonish and plead with a party to obey the court's own orders.

(Doc. No. 69 at 7.)

Instead of properly objecting to the R&R, Plaintiff responded by filing a "Final Amended Complaint" ("FAC") within the fourteen-day time period for objections. (See Doc. No. 70.) At the Court's request (see Doc. No. 79), the Magistrate Judge then issued a Supplemental R&R (Doc. No. 80) explaining that the FAC "is more akin to a brief or argument by Plaintiff about his case," is largely devoted to arguments against previously-dismissed defendants Huber+Suhner Inc. and Raymond James Financial Services Corporation (see Doc. No. 52), and "fails to actually address the specific matters that Plaintiff was directed to address." (Id. at 2.) Thus, the Magistrate Judge concluded that her "previous recommendation for dismissal of this lawsuit under Rule 16(f) remains supported by the facts of this case and is warranted." (Id. at 3–4.) Plaintiff responded to the Supplemental R&R by filing objections and a request for leave to amend. (Doc. No. 84.)

Although there is no pending dispositive motion, the Court will review the R&R and Supplemental R&R under Federal Rule of Civil Procedure 72(b) because dismissal will have a dispositive effect on this case. Under Rule 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." See also 28 U.S.C. § 636(b)(1)(C). Only "specific written objections" to the Magistrate Judge's proposed factual findings and legal conclusions are

considered "proper" for the district court's consideration. Fed. R. Civ. P. 72(b)(2). Moreover, the Court's Local Rules require that proper objections "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made . . . to apprise the District Judge of the bases for the objections." L.R. 72.02(a). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)).

Although the Court explained these procedural requirements to Plaintiff (see Doc. No. 83 at 1–2), his objections to the Supplemental R&R focus on irrelevant legal and factual issues and merely reflect his general disagreement with the Magistrate Judge's recommendation. "[A]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." J.A. v. Smith Cty. School Dist., 364 F. Supp. 3d 803, 812 (M.D. Tenn. Mar. 6, 2019) (quoting VanDiver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich 2004)). Moreover, Plaintiff's general objections neither state with particularity the specific portions of the Supplemental R&R he is objecting to, nor do they contain a single citation to the R&R or Supplemental R&R to apprise the Court of the bases for his objections. See L.R.72.02(a). Nor do his objections contain even one case citation explaining how the Magistrate Judge committed legal error. Although the Court acknowledges that Plaintiff is proceeding pro se, that does not excuse him from complying with the Federal Rules of Civil Procedure or the Court's Local Rules. See McNeil v. United States, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Nor does Plaintiff's pro se status obligate the

Court to consider non-specific objections buried within his filing. See U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Accordingly, Plaintiff's objections are overruled.

Last, Plaintiff's request for leave to amend the complaint will be denied. Although "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), leave may be denied when the moving party repeatedly fails "to cure deficiencies by amendments previously allowed," Foman v. Davis, 371 U.S. 178, 182 (1962). Plaintiff has already had "numerous opportunities to remedy the deficiencies in his pleadings, including specific directives of what is required to proceed in this case," (Doc. No. 80 at 3), and he has not provided any reasons for why he needs even more opportunities to amend the complaint. "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991); see also Alsteens v. Piper, No. 19-cv-01407-PAB-KLM, 2020 WL 3668781, at *5 (D. Col. June 12, 2020) ("Even pro se litigants do not have unlimited chances to amend, and they must follow the same procedural rules that govern other litigants."). By failing to comply with the Magistrate Judge's clear orders, Plaintiff has shown that he is either incapable or unwilling to file a proper complaint. Granting leave to amend would serve only to delay this case further, increase costs for both parties, and waste judicial resources.

Having conducted a de novo review of the R&R and Supplemental R&R, the Court agrees with the Magistrate Judge's analysis and recommended disposition. Accordingly, both the R&R (Doc. No. 69) and Supplemental R&R (Doc. No. 80) are **APPROVED AND ADOPTED**; Plaintiff's request for leave to amend (Doc. No. 84) is **DENIED**; and this case is **DISMISSED**

**WITH PREJUDICE**. This is a final order. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58 and close the file.

Plaintiff is on notice that this Court is no longer the proper forum in which to raise arguments; if he disagrees with the Court's rulings, his only option this point forward is to file an appeal with the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE